# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 22, 2012

No. 11-20676

Lyle W. Cayce
Clerk

WEINGARTEN REALTY INVESTORS, a Texas Real Estate Investment Trust,

Plaintiff - Appellee

v.

STEWART A. MILLER,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-cv-2522

Before JOLLY, HIGGINBOTHAM, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This is an interlocutory appeal from the district court's denial of defendant-appellant Stewart Miller's motion to compel arbitration of a declaratory action brought by plaintiff-appellee Weingarten Realty Investors ("WRI") to clarify Miller's obligations under a loan guaranty. Miller argues that the district court erred in determining that he cannot invoke the arbitration

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20676

provision he relies upon and abused its discretion by not applying the doctrine of equitable estoppel. We affirm.

## BACKGROUND

The relevant facts and procedural history are set out in this Court's previous opinion regarding this matter, *see Weingarten Realty Investors v. Miller*, 661 F.3d 904 (5th Cir. 2011), and need not be recounted at length here. Briefly, WRI and Miller Sheriden, LLC ("Miller Sheriden"), an LLC organized by Miller, created a joint venture, Weingarten Miller Sheriden ("WMS"), and WRI loaned that joint venture $75,000,000 under a Loan Agreement between WRI and WMS. The Loan Agreement contained an arbitration provision stating that any dispute "arising out of, in connection with, or relating to the Note or any of the other Loan Documents or any transaction provided for therein . . . at the request of any party to the Loan Documents . . . be settled by arbitration." Miller was not a party to the Loan Agreement, though he did sign a Limited Guaranty on the same day the Loan Agreement was executed, in which he and Miller Sheriden guaranteed the loan against any default by WRS on its loan obligations. There is no arbitration clause in the Limited Guaranty, and the Loan Agreement does not list the Limited Guaranty as a Loan Document. When WMS did not pay the note on time, WRI unsuccessfully sought payment from guarantors Miller and Miller Sheriden.

WRI sued Miller in Texas state court, seeking a declaration of the guarantors' obligations under the Limited Guaranty. Miller removed the action to federal court and moved to compel arbitration based on the arbitration provision of the Loan Agreement between WMS and WRI. The district court denied Miller's motion, holding that Miller was not entitled to compel arbitration because he is not a party to any Loan Document as defined in the Loan Agreement containing the arbitration provision Miller seeks to invoke.

No. 11-20676

Miller timely appealed, and sought a stay of the district court's judgment pending the outcome of this appeal.  A motions panel of this court denied Miller's stay request, concluding that he had "fail[ed] to show a likelihood of winning on the merits or that the balance of equities tips in his favor." *Weingarten Realty Investors*, 661 F.3d at 907.  For the reasons set forth below, we now affirm the district court's denial of Miller's motion to compel arbitration.

## STANDARD OF REVIEW

We review the denial of a motion to compel arbitration de novo.  *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 428 (5th Cir. 2004).  We review a district court's decision not to apply equitable estoppel to compel arbitration for abuse of discretion.  *Grigson v. Creative Artists Agency LLC*, 210 F.3d 524, 528 (5th Cir. 2000).  "To constitute an abuse of discretion, the district court's decision must be either premised on an application of the law that is erroneous, or on an assessment of the evidence that is clearly erroneous." *Id.*

## DISCUSSION

Miller argues that the district court erred in refusing to compel arbitration based on the terms of the arbitration provision itself and, alternatively, argues that the district court abused its discretion by declining to compel arbitration pursuant to the doctrine of equitable estoppel.  We conclude that the arbitration provision in the Loan Agreement does not provide for arbitration for disputes arising from the Loan Guaranty, because the guaranty is not among the exclusive list of "Loan Documents" to which the arbitration provision applies by its plain terms.  We further conclude that the district court correctly refused to invoke the doctrine of equitable estoppel, because the arbitration provision expressly states that only a party to a "Loan Document" — rather than a non-party such as Miller — may seek arbitration, and because WRI does not seek to enforce any obligation arising out of the contract containing the arbitration clause.

3

No. 11-20676

## I.

First, Miller argues that the district court erred in reading the arbitration agreement as preventing him from compelling arbitration of WRI's declaratory action to establish Miller's obligations under the Limited Guaranty. We conclude that because the plain terms of the Loan Agreement's arbitration provision do not permit Miller, a non-party to the contractually-defined set of "Loan Documents," to seek arbitration, the district court committed no error.

"When deciding whether the parties agreed to arbitrate a certain matter . . . , courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *accord Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 216-17 (5th Cir. 2003). The parties agree that construction of the arbitration provision at issue is governed by Colorado contracts law.

In accordance with Colorado law, we read the Loan Agreement and Limited Guaranty together in order to determine whether Miller is entitled to invoke the Loan Agreement's arbitration provision because the two documents "pertain to the same transaction." *See E. Ridge of Fort Collins, LLC v. Larimer & Weld Irrigation Co.*, 109 P.3d 969, 975 (Colo. 2005).

Both the Loan Agreement and the Limited Guaranty were executed on December 15, 2006. The arbitration clause in the Loan Agreement provides in relevant part:

> To the maximum extent not prohibited by law, any controversy, dispute or claim arising out of, in connection with, or relating to the Note or any of the other Loan Documents or any transaction provided for therein, including, but not limited to, any claim based on or arising from an alleged tort or an alleged breach of any agreement contained in any of the Loan Documents, shall, at the request of any party to the Loan Documents (either before or after the commencement of judicial proceedings), be settled by arbitration . . . .

4

No. 11-20676

The Loan Agreement defines the term "Loan Documents" as follows:

> Loan Documents shall mean this Agreement, the Note (including all renewals, extensions and rearrangements thereof), the Deed of Trust, the Assignment of Rents, Assignment of Licenses, Permits and Contracts, Assignment of Redevelopment Agreement and such other instruments executed by Borrower (a) pursuant hereto or in connection herewith or with any indebtedness incurred hereunder or (b) as security for either or both payment of any indebtedness incurred hereunder or performance of Borrower's obligations under this Agreement and under all other Loan Documents as shall from time to time be executed and delivered to Lender by Borrower or any other party pursuant to this Agreement . . . and any future amendments or supplements hereto or thereto.

WMS is defined as the "Borrower" under the Loan Agreement.

These provisions make clear that the Limited Guaranty is not a "Loan Document" as the Loan Agreement defines that term. The guaranty is not among the specifically named Loan Documents, and is not among "such other instruments executed by Borrower," because it was executed by guarantors Miller and Miller Sheriden, rather than by borrower WMS. Accordingly, Miller is not a "party to the Loan Documents" and thus, under the express language of the arbitration provision, is not authorized to "request" that this dispute "be settled by arbitration."

## II.

Miller next contends that the district court abused its discretion in refusing to apply the doctrine of equitable estoppel as an alternative means of enforcing arbitration of WRI's suit. We disagree.

This Court has made recourse to the theory of "equitable estoppel[] to determine a nonsignatory's rights and duties under an arbitration clause" in certain circumstances in which an arbitration clause's "terms do not expressly state whether a signatory may be compelled to arbitrate with a nonsignatory." *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381-82 (5th Cir. 2008)

5

(footnote omitted). "[W]e will allow a nonsignatory to invoke an arbitration agreement only in rare circumstances." *Westmoreland v. Sadoux*, 299 F.3d 462, 465 (5th Cir. 2002). We have done so where "the signatory to a written agreement must rely on the terms of the written agreement in asserting its claims against the nonsignatory[,]" reasoning that "[w]hen each of the signatory's claims against a nonsignatory makes reference to or presumes the existence of the written agreement, the signatory's claims arise out of and relate directly to the written agreement, and arbitration is appropriate." *Grigson*, 210 F.3d at 527 (emphasis omitted) (quoting *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 977 (11th Cir. 1999)). In *Grigson*, we explained that a signatory "cannot, on the one hand, seek to hold the non-signatory liable pursuant to duties imposed by the agreement, which contains an arbitration provision, but, on the other hand, deny the arbitration's applicability because the defendant is a non-signatory." *Id.* at 528.

Miller fails to demonstrate that the district court abused its discretion in declining to apply equitable estoppel in the circumstances here. First, it is *not* the case here that the "[arbitration] agreement's terms do not expressly state whether a signatory may be compelled to arbitrate with a nonsignatory," *see Sherer*, 548 F.3d at 381, because the arbitration provision of the Loan Agreement expressly provides that only a party to a Loan Document may request arbitration.

Second, signatory WRI does not "seek to hold the non-signatory [Miller] liable pursuant to duties imposed by the agreement[]. . . contain[ing] [the] arbitration provision," *see Grigson*, 210 F.3d at 528, as WRI has not brought any claim against Miller based on any obligation of Miller's under the Loan Agreement. Rather, WRI seeks to establish Miller's alleged obligations under the Limited Guaranty, which contains no arbitration clause. Accordingly, the

No. 11-20676

district court did not abuse its discretion in declining to apply equitable estoppel to compel arbitration.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of Miller's motion to compel arbitration.